UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHICK-FIL-A, INC.,

          Plaintiff,

v.                                                Case No. 5:07-cv-501-Oc-10GRJ

CFT DEVELOPMENT, LLC, PANDA
RESTAURANT GROUP, INC., PANDA
EXPRESS,

          Defendants.
_____

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Defendants/Counter-Plaintiffs' Motion to Exclude Plaintiff/Counter-Defendant's Expert Witness, Robert J. Taylor, IV (Doc. 98) and response thereto. (Doc. 126.) On May 11, 2009, the Court conducted a Daubert hearing. For the following reasons, it is recommended that Defendants/ Counter-Plaintiffs' Motion to Exclude Plaintiff/Counter-Defendant's Expert Witness, Robert J. Taylor, IV (Doc. 98) be **DENIED**.

## I. INTRODUCTION

Defendants, CFT Developments, LLC, Panda Restaurant Group, Inc. and Panda Express, Inc. (collectively referred to as "defendants" or "Panda") move to exclude the expert opinions and testimony of Robert J. Taylor, IV– Plaintiff, Chick-Fil-A, Inc.'s ("CFA") expert. At issue is Mr. Taylor's expert report entitled "Report In The Matter Of

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

Chick-Fil-A vs. CFT Developments, LLC, Panda Restaurant Group, Inc., and Panda Express, Inc." (hereinafter referred to as the "Taylor Report.")[2] In his report, Mr. Taylor opines (1) that using cost or *a la carte* sales prices is the most appropriate method for the allocation of sales revenue from Panda Express combo meals that contain an entree and a starch; and (2) that 100% of an entree item containing chicken should be deemed as having been derived from the sale of chicken. Panda moves to strike the expert testimony of Mr. Taylor solely on the ground that he is unqualified to render such opinions.

## II. DISCUSSION

Under Federal Rule of Evidence 702, Daubert v. Merrell Dow Pharmaceuticals, Inc.,[3] and Kumho Tire Company Ltd., et al., v. Carmichael[4] expert testimony is admissible if (1) the expert is qualified to testify competently, (2) the expert has used sufficiently reliable methodology in reaching a conclusion, and (3) the testimony will assist the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.[5] While Daubert dealt with scientific evidence, and Kumho dealt with technical knowledge, the Daubert

---

[2] The Taylor Report has been filed under seal pursuant to the parties' Stipulated Protective Order. (Doc. 52.)

[3] 509 U.S. 579, 589, 113 S.Ct. 2786, 2794-95, 125 L.Ed.2d 469 (1993)

[4] 526 U.S. 137 (1999).

[5] City of Tuscaloosa v. Harcros Chem., Inc., 158 F.3d 548, 562 (11th Cir. 1998)(*citing* Daubert, 509 U.S. at 589.)

analysis is equally applicable to expert testimony concerning cost accounting.[6] In this motion, Panda only challenges the first prong – i.e., whether Mr. Taylor is qualified to testify competently – and does not challenge Mr. Taylor's methodology or whether his testimony will assist the trier of fact.

Mr. Taylor has more than 25 years experience as a consultant specializing in financial analyses and business valuations for a wide variety of businesses and industries.[7] He is a certified public accountant and is accredited in Business Valuation by the American Institute of Certified Public Accountants and holds a bachelor's degree in economics from Washington & Lee University and a M.B.A in finance from Georgia State University. Despite these qualifications, Panda argues that Mr. Taylor is not qualified to testify competently regarding the matters identified in his expert report because he is not an expert in the restaurant and/or food service industry nor is he an expert in restaurant cost accounting or restaurant operations.

However, while Mr. Taylor might have limited experience in the restaurant industry,[8] he has extensive experience with cost accounting.[9] Here, Mr. Taylor applied cost accounting concepts and his extensive accounting experience to the undisputed

---

[6] See, e.g. Allen v. Village Partners, L.P., 2008 WL 3200721 *1 (E.D. Tenn. 2008)(rejecting Daubert challenge to accounting expert on grounds of lack of qualifications in particular business).

[7] Mr. Taylor's resume is attached as Appendix A to the Taylor Report.

[8] Mr. Taylor's experience in the restaurant/food service industry includes: (1) serving as a court-appointed receiver for an Atlanta restaurant chain; (2) testifying as an expert in two highway condemnation cases involving restaurant business loss claims; (3) working as a waiter during college at The College Inn and Jockos; and (4) serving on the finance committee for an Atlanta social club. See Deposition of Mr. Taylor at 32, 36-42 (filed under seal pursuant to the parties' Stipulated Protective Order.)

[9] See Deposition of Mr. Taylor at 188.

data provided by Panda regarding a la carte pricing and food costs.[10] Such analysis was well within Mr. Taylor's accounting expertise. Moreover, Panda's own expert, Robert T. Patterson testified that the *a la carte* pricing method employed by Mr. Taylor was "reasonable" and "appropriate."[11] Accordingly, Mr. Taylor is qualified to testify competently about the matters identified in his expert report.

### III. RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Defendants/Counter-Plaintiffs' Motion to Exclude Plaintiff/Counter-Defendant's Expert Witness, Robert J. Taylor, IV (Doc. 98) should be **DENIED**.

**IN CHAMBERS** in Ocala, Florida, on May 12, 2009.

GARY R. JONES
United States Magistrate Judge

Copies to:
The Honorable Wm. Terrell Hodges
Senior United States District Judge

Counsel of Record

---

[10] Deposition of Mr. Taylor at 188-89.

[11] See Deposition of Robert J. Patterson at 212-15; "Analysis of the January 7, 2009 Expert Report of Robert J. Taylor IV, President Taylor Consulting Group, Inc. and Supplemental and Rebuttal Expert Report of Robert T. Patterson" at 6-7 (both of which are filed under seal pursuant to the parties' Stipulated Protective Order.)